NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 06-CV-164-HRW

MARCUS WILLIAMS                                                                                    PETITIONER

VS:            **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                                                RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Marcus Williams, an individual incarcerated in the Federal Correctional Institution ("FCI")-Ashland in Ashland, Kentucky, has filed the instant *pro se* petition for writ of habeas corpus, purportedly pursuant to 28 U.S.C. §2241, and has paid the filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As this petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

ALLEGATIONS AND CLAIMS

Although the title of Williams' self-styled petition refers to its being brought "Under Title 28 U.S.C. § 2241," he has identified the parties in the title as United States of America, Plaintiff v. Marcus Williams, Defendant. Further in the caption Williams contradicts himself, alleging that the

petition is brought "Under Rule 33," and he cites "Case No. 1:94-Cr-000050, SNL No. 001" as the applicable criminal case which gives rise to the claims herein. The petitioner does not, however, identify the court where the criminal proceedings took place. Nor does he give any other information on his criminal background, except as follows.

In the body of the petitioner's pleading, Williams states that he was indicted on one count of conspiracy in violation of 21 U.S.C. §§841(A)(1) [sic], 846, and 841(b)(1)(A); and one count of distributing 5 grams of cocaine base (crack), in violation of 21 U.S.C. §§841(A)(1) [sic] and 841(b)(1)(B), and 18 U.S.C. §2. Presumably, he is incarcerated in a federal prison because he was convicted of one or more of these charges. He does not reveal the length of the sentence imposed on him, but it is clearly this sentence which is the focus of his cause of action herein.

Petitioner Williams challenges the sentence in the unidentified federal criminal proceeding on three grounds. He first claims that his due process rights were violated because his sentence was enhanced based on a quantity of drugs which was not determined by a jury and based upon the crime's being committed while he was on probation from a past criminal conviction, when, in fact, he was not. In support of this claim, the petitioner attaches a page from his pre-sentence report referring to a 1992 assault charge in a Missouri circuit court and two pages from the docket of that case. Additionally, Williams claims that his sentence resulted from his attorney's failure to adequately argue against it, thus rendering ineffective assistance, and that the sentence is so erroneous that it should be remedied under the plain error rule.

## DISCUSSION

Marcus Williams appears to be the appellant challenging his conviction and 240-month sentence of imprisonment for his "extensive background drug trafficking," in *United States v.*

2

*Williams*, 77 F.3d 1098, 1100 (8th Cir.) (affirming the trial court, the United States District Court for the Eastern District of Missouri), *cert. denied*, 519 U.S. 967 (1996). If so, then this petitioner has already challenged his conviction and sentence through the direct appeal process. If not, then he fails to explain why he did not do so then and what basis he has for doing so now, in a court which is far removed from the Eastern District of Missouri and the Eighth Circuit.

The petitioner's previous challenges to his sentence, if any, are relevant to the initial assessment required of this Court. Before examining the merits of Petitioner Williams' current challenge to his sentence, the Court must question its own jurisdiction to rule on the legality of a sentence handed down by another federal district court. Ordinarily, 28 U.S.C. §2241 is used by prisoners in the district of their incarceration to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).

Under certain circumstances, however, prisoners may invoke the "savings clause" at the end of the fifth paragraph of 28 U.S.C. §2255 to press challenges to their criminal convictions or sentences under Section 2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255, ¶5. Obeying this statute, a §2241 petitioner must demonstrate that his remedy under Section 2255 is inadequate or ineffective to test the merits of his sentencing court claim(s) before another court may consider the claim(s) on the merits, under its Section 2241 jurisdiction.

Accordingly, to see if a §2241 petition may be considered on the merits, the federal district

3

courts in the district where the petitioner is incarcerated must ask under what circumstances a petitioner's remedy under Section 2255 is considered "inadequate or ineffective." The Sixth Circuit addressed this question by negative example in *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999). In *Charles*, the Sixth Circuit began by emphasizing that relief under Section 2241 is not a "catch all" remedy, but is extremely limited, and available only upon the petitioner's demonstration that his Section 2255 remedy is truly "inadequate and ineffective." *Id*. at 756.

The *Charles* Court made clear that a prisoner cannot satisfy the inadequate or ineffective requirement merely by demonstrating that he is time-barred from bringing a §2255 motion, or that he had already moved unsuccessfully for relief in a prior §2255 motion. *Id*. at 757. Further, habeas corpus relief is unavailable if a federal prisoner fails to avail himself of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his conviction or sentence under pre-existing law.

Subsequently, in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit addressed a question left unanswered in *Charles*: whether the savings clause may be properly invoked by a petitioner where his remedy under Section 2255 is procedurally unavailable (and hence ineffective to raise a new claim), *and* where he claims "actual innocence." The answer was yes. A viable claim of "actual innocence" arises where petitioner was convicted under a criminal statute, and thereafter the Supreme Court issues a decision that more narrowly interprets the terms of that statute. In such instances, there may arise a significant risk that petitioner was convicted of conduct that the law does not make illegal, and hence that the petitioner is "actually innocent" of the crime for which he was convicted.

By the express terms of the statute, 28 U.S.C. §2255 permits a petitioner to bring a second

or successive §2255 motion only (1) based upon newly-discovered evidence that casts significant doubt on petitioner's guilt of the offense, or (2) based upon a Supreme Court decision on constitutional law made retroactive to subsequently-filed cases. Because a Supreme Court decision interpreting a criminal statute does not fall within either of these exceptions, a prisoner like the petitioner in *Martin* cannot bring a second or successive Section 2255 motion. Therefore, prisoners often try to use Section 2241 to bring their claims before the court in the district where they are in custody.

Such appears to be the case herein. However, to the extent that the Court construes that the instant petitioner is asking this Court to use its §2241 jurisdiction because his remedy by a §2255 is or was inadequate or ineffective, he does not make the initial showing required of him. Williams fails to demonstrate--or even allege--that Section 2255 is inadequate or ineffective for these claims. He was entitled to an appeal and a §2255 motion to raise the current challenge and either did not take these earlier opportunities or took them unsuccessfully.

In short, Petitioner has utterly failed to address the first relevant inquiry for this Court, *i.e.*, the inadequacy or ineffectiveness of his §2255 remedy. Nor does he allege the second, *i.e.*, his actually innocence. He has, therefore, failed to state a claim upon which this Court may grant relief under 28 U.S.C. §2241, and the Court must dismiss the instant petition without reaching the merits.

CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that Petitioner Marcus Williams' petition for writ of habeas corpus is **DENIED** for failure to state a claim upon which the Court may grant relief; this action shall be **DISMISSED**, *sua sponte*, without prejudice, from the docket of the

Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This January 29, 2007.

Signed By:
Henry R Wilhoit Jr.
United States District Judge